Dear Ms. Benoist:
This office is in receipt of your request for an opinion of the Attorney General in regard to per diem payments to members of the Louisiana State Board of Medical Examiners. In accordance with R.S. 37:1266 the members of the Board shall meet at least twice each year in the city of New Orleans, but you indicate the Board generally meets monthly for one to three days to conduct hearings and/or general Board business, convening no later than 8:30 a.m. and continuing throughout each day until the business at hand is concluded. Throughout the year for applications for credentials the Board schedules each applicant for license, permit, certificate and/or registration to appear before a Board member at a location mutually convenient to the applicant and a Board member available for the personal interview. Additionally, there are occasions throughout the year when routine administrative business which is not properly and/or necessarily brought forth in an open meeting must be carried on with the approval of the Board. Before conducting general business noticed to the public, the Board prepares a comprehensive agenda book of materials for discussion and/or board action and forwards the agenda book of material to each board member approximately 5 to 7 days prior to the general business meeting. Four to eight hours are required for a member of the Board to prepare for the general business meeting through review of the agenda book of materials. Board members generally travel to New Orleans the afternoon or evening before the first day of a hearing or Board business. When the business is not completed until early evening, a overnight stay is necessitated with return travel the following day. Based upon these occasions, you ask whether per diem is properly paid to the Board members for these days when the members conduct business for the Board.
As you observe, R.S. 37:1268, entitled "Compensation and expenses of Board", provides as follow:
 The members of the board shall receive fifty dollars per day while engaged in board business and also their hotel and traveling expenses if traveled by the most direct route to and from their respective places of residence. These expenses shall be paid out of the treasury of the board upon the certificates of the president and secretary-treasurer.
As you have noted, R.S. 37:1266 requires that the regular meeting of the board shall be held at least twice in each year. That statute further provides that a special meeting of the board may be called by the president when a majority or the president deem it expedient, and R.S. 37:1267 then provides the following:
 Three members of the board constitute a quorum for all purposes including the holding of examinations, the granting of licenses and permits, and the rule making and adjudication functions of the board.
The response to your inquiry depends upon the meaning of "engaged in board business", and we do not find that Atty. Gen. Op. No 88-453, to which you refer, can be utilized to answer your inquiry. In that opinion the statute in question specifically allowed per diem for members "performing duties authorized by the board". This office reasoned that if the work was authorized prior to or after the activity, the member became entitled to the per diem. We do not find that this Board has this specific statutory authorization.
In Atty. Gen. Op. No 91-589 this office was presented with the question whether the Board of the Bayou Lafourche Fresh Water District could collect per diem payments for all work done for the district or just regular and special board meetings. The provision therein, being somewhat similar to that for the Board of Medical Examiners, allowed payment of the per diem "for every day they are actually employed in the service of the parish". It was concluded the per diem payments were not limited to attendance at meetings, but also for other work performed, although a board member should not receive a per diem to perform work being performed or capable of performance by an employee. It was reasoned that where a commissioner's discretion is required, per diem payments are justified. This office found the Fresh Water District Commissioner, as the Police Jurors, could be compensated by per diem for each day of attendance at meetings, and "may be compensated for other work done for the (District) by per diem". However, it was stated that "this principle does not license payment for anything and everything." In regard to per diem for attendance at meetings of other organizations, it was stated this would depend upon the event and calls for a case by case analysis, but stated that "it should be for attendance at a purely business function of importance to the District."
In Atty. Gen. Op. No. 90-387 this office responded to a request as to what would qualify as a necessary expense under R.S. 37:1173
which pertains to the Board of Pharmacy members' payment of a per diem, and it was concluded that "necessary expenses" must be in connection with attending regular or called board meetings or "attending to official business of the board." It was stated that this situation is similar to the expenses which are reimbursed to state employees through the Division of Administration while conducting official state business.
Following the reasoning of earlier Attorney General Opinions, we are of the opinion that a per diem would be justified for the following:
 1. Monthly meetings for hearings and general board business.
 2. Reviewing agenda book in preparation for a meeting.
 3. Meetings for routine administrative business that does not necessitate an open meeting but is approved by the board.
 4. Conducting personal interviews for applicants for credentials.
 5. Overnight stays the night before an 8:30 a.m. meeting or when a meeting continues into the evening when traveling at a time and distance as specified in the regulations for the state employees' travel established by the Division of Administration.
These matters would constitute conducting official business of the Board.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr